## RUTTEN et al. v. DE MUTH.

### No. 8158.

Circuit Court of Appeals, Seventh Circuit.

April 30, 1943.

Harry H. Hitzeman, of Chicago, Ill., for appellants.

Ralph F. Merchant and Merchant & Merchant, all of Minneapolis, Minn. (Eckert & Peterson, of Chicago, Ill., of counsel), for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiffs charged defendant with infringement of their Patent No. 2,151,234, issued on March 21, 1939. The defense was invalidity and noninfringement. The District Court dismissed the complaint for want of equity. Claims 1, 2, 3, 4, 6, 8, 10, and 13 of the patent were involved. The court concluded that all the claims were invalid in view of the prior art, and if valid, that defendant had not infringed.

Of course, in determining issues in litigation over a patent, the first inquiry is to ascertain] what it was that the inventor really did which was different from what was already known and available to the public, which the inventor claims constitutes patentable subject matter of invention.

The patent relates to roofs for silos, tanks, barns, and other buildings and has application to walls, partitions, and panels of many different types. Claim 2, typical of the others, is copied in the footnote.[1]

Plaintiffs, in their specifications, state: "A further object is to provide a roof or wall-like structure including ribs in the nature of rafters or studs and spanner sheets disposed between and bridging the space between adjacent ribs, there being provision made for permitting variance in the space between adjacent ribs as the structure is being erected to meet the requirements of the silo or other building in connection with which the structure of the invention is used."

In the instant case, plaintiffs claim that the thing achieved by their invention was to provide means whereby the roof of a silo or structure may be expanded or contracted without necessitating a change in the type or size of the construction unit.

■ It is well settled that a patent cannot issue to an applicant for his alleged invention if it was known or used by others before his invention or discovery.

The court found and there was evidence in the record that since prior to October, 1938, the defendant had manufactured and sold silo roofs made in accordance with the teachings of Hanson, under Patent No. 2,176,712, issued October 17, 1939, on an application filed July 11, 1938, relating to silos and providing a dome made up of spherical segments having interlocking marginal channel-like flanges, the flanges at one edge being relatively narrow, and the flanges at the opposite edges being relatively wide, the relatively narrow channel-shaped flanges being nested within the relatively wide channel-shaped flanges, thereby permitting circumferential expansion and contraction of the assembled segments.

The defendant also introduced in evidence, among others, prior art patents: Oberer, No. 1,114,639, disclosing a cylindrical container or silo body, the roof consisting of segmental sections overlapping each other so as to permit the roof to be expanded and contracted by moving the sections together or apart. He also introduced Reeder, No. 1,202,585; Bonsall, No. 1,553,925; and Hawkins, No. 1,567,141.

■ It will not be necessary to discuss these patents, except to say that before the plaintiffs evolved their alleged invention, Oberer and others had taught or manufactured flexible roofs having means to permit movement of the roof sheets; and roof constructions having upper and lower channel-shaped members spaced apart sufficiently to allow movement of such sheets; and structures having means for anchoring in spaced relation the lower and upper ends of ribs, the spanner sheets having at least one side flange received within the channel of one of the ribs, said side flange being of such size relative to the channel as to permit positively limited lateral movement of the spanner sheet relative to the ribs as the building structure is being erected, and that Kramer, No. 1,469,321, and Hawkins, No. 1,567,141, provided clamping means for securing spanner sheets to ribs to hold them against movement after erection.

The decree of the District Court is affirmed.

---

[1] A silo or similar building structure comprising a plurality of curved ribs of channel-shape in cross-section, means for anchoring the lower ends of said ribs in spaced relation, means for anchoring the upper ends of said ribs in spaced relation, a plurality of curved spanner sheets extending between adjacent ribs, said spanner sheets having edge flanges received within the channels of the adjacent ribs and a plurality of spaced clamping means securing the spanner sheets to said ribs, the channels of said ribs permitting positively limited variable spacing between the ribs as the building structure is erected prior to the application of said clamping means, said clamping means providing a rigid self-sustaining structure after erection.